UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:18-cr-00742-RGK-1 | Date | October 29, 2024 |
|---|---|---|---|
| Title | *USA v. Luis Fenando Ceja* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio (not present) | Not Reported | Andrew M. Roach |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| (1) Luis Fernando Ceja | | X | | Pro Se | | | |

**Proceedings:**   **(IN CHAMBERS) Order Re: Defendant's Motion for Reduction of Sentence [DE 307]**

On March 10, 2020, Defendant was convicted at a one-day bench trial of (1) Count 1: conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, 841(b)(1)(A)(viii); (2) Court 5: distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii); (3) Count 7: distribution of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii); and (4) Count 8: distribution of methamphetamine, in violation of 21 U.S.C. § 841 (a)(1), 841(b)(1)(B)(viii).

Defendant's total offense level was 32, with 10 criminal history points, which placed him in Criminal History Category V. Those numbers were increased to offense level 37 and Criminal History Category VI, based on designation as a career offender. The resulting guideline range was 360 months to life imprisonment. On July 20, 2020, Defendant was sentenced to 240 months imprisonment. Defendant has served 5 and a half years, which is approximately 27% of the term, and his expected release date is March 2035.

By way of the current motion, Defendant seeks a reduction of sentence on two grounds. First, Defendant states that extraordinary and compelling reasons under § 1B1.13(b)(1)-(6)(A) exist. Specifically, Defendant argues that he received an unusually long sentence, based on gross disparity in the guidelines between actual methamphetamine and a mixture of methamphetamine. Defendant also argues that the extreme conditions of his confinement during the COVID-19 pandemic warrant early release. Second, Defendant states that Amendment 821 provides for a modification to his status points, yielding a reduced sentence. Upon review of the facts and relevant law, the Court disagrees.

As to Defendant's first ground, the Court finds that neither argument, considered separately or together, satisfies the requirements for relief. First, under the Sentencing Guidelines, an "unusually long sentence" can constitute an "extraordinary and compelling" reason for early release. U.S.S.G. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:18-cr-00742-RGK-1 | Date | October 29, 2024 |
|---|---|---|---|
| Title | *USA v. Luis Fenando Ceja* | | |

1B1.13(b)(6). However, to qualify for such relief, a defendant must have served at least 10 years of an "unusually long" sentence. And, there must be a change in law that has produced "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id*. None of these requirements have been satisfied. Defendant received a below-guidelines sentence and has served less than six years of his sentence. Moreover, there has been no intervening change in law that would result in a lesser sentence if it were currently imposed. As to Defendant's COVID-19 argument, Defendant has not established any personal health circumstances, in combination with any unmanaged facility-wide crisis that rises to the level of extreme or extraordinary. Therefore, Defendant fails to satisfy the heavy burden of showing extraordinary or compelling reasons that justify early release.

With respect to Amendment 821, Defendant received no status points that are subject to modification. Moreover, Defendant was designated a career offender, which automatically placed him in Criminal History Category VI. Finally, Defendant received a below-guidelines sentence. Therefore, Defendant is ineligible for relief under the most recent amendment.

Based on the foregoing, the Court **denies** Defendant's motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |